Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | **WILLIAM T. HART** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **01 C 7538** | **DATE** | **AUG. 26, 2002** |
| **CASE TITLE** | IRENE ABRAMS, etc., et al. v. VAN KAMPEN FUNDS, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for reconsideration or, alternatively, certification of an interlocutory appeal [36-1,2] is denied. Lead plaintiffs' motion for class certification [21] is granted. A class is certified (SEE DRAFT FOR DEFINITION). Parties shall meet to discuss a proposed Notice to the Class. By September 6, 2002, parties shall file with the court their proposed Notice to the Class.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 7 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 7 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | IS docketing deputy initials | 42 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | Aug. 26, 2002 date mailed notice | |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mgm mailing initials | |

DOCKETED
AUG 27 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRENE ABRAMS, on behalf of )
herself and all others )
similarly situated, )
 )
        Plaintiffs, )
 )
    v. ) No. 01 C 7538
 )
VAN KAMPEN FUNDS, INC., )
VAN KAMPEN INVESTMENT ADVISORY )
CORPORATION, VAN KAMPEN PRIME )
RATE INCOME TRUST, HOWARD TIFFEN, )
RICHARD F. POWERS, III, STEPHEN L. )
BOYD, DENNIS J. McDONNELL, )
and JEFFREY W. MAILLET, )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

This is a consolidated putative class action alleging federal securities violations involving defendant Van Kampen Prime Rate Income Trust's (the "Fund") valuation of senior loans and is subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1. Under the PSLRA, Ken Fisher and Tom Gallagher have been appointed as lead plaintiffs and presently pending is their motion for class certification. Also pending is defendants' motion for reconsideration or, alternatively, for certification of an interlocutory appeal.

42

This court previously ruled on defendants' Rule 12(b)(6) motion to dismiss.[1] See Abrams v. Van Kampen Funds, Inc., 2002 WL 1160171 (N.D. Ill. May 30, 2002).[2] Almost two months later, defendants filed their motion seeking reconsideration of the holding that the pleading requirement of Rule 9(b) does not apply to plaintiffs' allegations of violations of sections 11 and 12 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2). In the prior ruling, the split of authority was acknowledged and this court chose to follow those precedents holding that Rule 9(b) does not apply to claims for which fraud is not an element. Abrams, 2002 WL 1160171 at *6. Defendants present no convincing basis for altering that ruling. Defendants' reliance on Sears v. Liken, 912 F.2d 889, 892-93 (7th Cir. 1990), as binding precedent to the contrary is misplaced. That case assumed, without any express consideration of the issue, that Rule 9(b) applied to the § 12

---

[1]Although a motion for class certification should generally be ruled upon prior to ruling on a motion to dismiss, see Fed. R. Civ. P. 23(c)(1); Chavez v. Illinois State Police, 251 F.3d 612, 629-30 (7th Cir. 2001), some case law supports that, under the PSLRA, it is appropriate to rule on a motion to dismiss prior to considering class certification. See 15 U.S.C. § 77z-1(b)(1); Winn v. Symons International Group, Inc., 2001 WL 278113 *2 (S.D. Ind. March 21, 2001). But see In re Diamond Multimedia Systems, Inc. Securities Litigation, 1997 WL 773733 *3 (N.D. Cal. Oct. 14, 1997). The parties in this case agreed it was appropriate under the PSLRA to first rule on the motion to dismiss.

[2]The allegations of the Consolidated Amended Complaint are set forth in greater detail in Abrams. Familiarity with that opinion is presumed.

claims in that case. It is not a controlling resolution of this issue. Danis v. USN Communications, Inc., 73 F. Supp. 2d 923, 932 (N.D. Ill. 1999). The motion for reconsideration will be denied.

Alternatively, defendants move to certify the Rule 9(b) issue for an interlocutory appeal under 28 U.S.C. § 1292(b). Under the statute, certification "is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; [and] (4) its resolution will expedite the resolution of the litigation." Boim v. Quranic Literacy Institute & Holy Land Foundation For Relief & Development, 291 F.3d 1000, 1007 (7th Cir. 2002). The split of authority supports that the Rule 9(b) issue is contestable. However, the issue is not controlling and its resolution will not materially advance, but rather delay, the resolution of this case. The issue goes to pleading requirements, not the merits of plaintiffs' securities claims. Even if it were held that Rule 9(b) must be satisfied, plaintiffs' cause of action would not be dismissed. Instead, they would be provided with the opportunity to amend their complaint and likely would be able to file an amended complaint satisfying the requirements of Rule 9(b).

Furthermore, even if the statutory criteria were satisfied, the Seventh Circuit has also applied a judicially created rule that the request for certification must be made

within a reasonable period of time after the contested ruling and may not be "inexcusably dilatory." Richardson Electronics, Ltd. v. Panache Broadcasting of Pa., Inc., 202 F.3d 957, 958 (7th Cir. 2000); Ahrenholz v. Board of Trustees of University of Illinois, 219 F.3d 674, 675-76 (7th Cir. 2000). The two-month delay in seeking certification may be considered inexcusably dilatory. See Richardson, 202 F.3d at 958; Weir v. Propst, 915 F.2d 283, 286-87 (7th Cir. 1990); Fabricant v. Sears Roebuck & Co., 2001 WL 883303 *1 (S.D. Fla. Jan. 29, 2001); United States ex rel. N.E.W. Interstate Concrete, Inc. v. EUI Corp., 2000 WL 863039 *3 (S.D. Ind. June 9, 2000). A § 1292(b) interlocutory appeal will not be certified.

The burden is on the lead plaintiffs to demonstrate that all the requirements for class certification are satisfied. Retired Chicago Police Association v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993), cert. denied, 519 U.S. 932 (1996); Thompson v. City of Chicago, 2002 WL 1303138 *3 (N.D. Ill. June 12, 2002); Rahim v. Sheahan, 2001 WL 1263493 *9 (N.D. Ill. Oct. 19, 2001); Anderson v. Cornejo, 199 F.R.D. 228, 238 (N.D. Ill. 2000). Federal Rule of Civil Procedure 23(a) requires that the following four prerequisites be satisfied: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are

typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Failure to meet any one of these requirements precludes certification of a class. Retired Chicago Police, 7 F.3d at 596. If the Rule 23(a) elements are satisfied, plaintiffs must also satisfy one of the subsections of Rule 23(b).

In ruling on class certification, the court has an independent duty to scrutinize the appropriateness of class certification; the court is not limited to arguments made by a party opposing certification. In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1134 (7th Cir.), cert. denied, 444 U.S. 870 (1979); Anderson, 199 F.R.D. at 238. See also Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 677 (7th Cir.), cert. denied, 122 S. Ct. 348 (2001). Additionally, in determining whether to grant certification, whether a claim will ultimately be successful is not a consideration. Rahim, 2001 WL 1263493 at *9-10. However, that does not mean that the merits of claims can be completely ignored. The "boundary between a class determination and the merits may not always be easily discernible." Retired Chicago Police, 7 F.3d at 598-99 (quoting Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 895 (7th Cir. 1981), cert. denied, 455 U.S. 1017 (1982)). In order to resolve questions of typicality or whether

common questions predominate, it is sometimes necessary to determine the contours of the applicable law. See Szabo, 249 F.3d at 676-77; Retired Chicago Police, 7 F.3d at 598-99 (quoting General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982)); Anderson, 199 F.R.D. at 238; Clay v. American Tobacco Co., 188 F.R.D. 483, 489 (S.D. Ill. 1999).

In this case, plaintiffs seek to certify a Rule 23(b)(3) class. Plaintiffs' proposed class definition is:

> All persons who purchased shares in the Fund between September 30, 1998 and March 26, 2001, inclusive (the "Class Period"). Excluded from the Class are the defendants, members of each defendant's immediate family, any entity in which any defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

To satisfy numerosity, it is not necessary to determine the exact number of members in the class; a reasonable estimate will suffice. Mungia v. Tony Rizza Oldsmobile, Inc., 2001 WL 1104635 *3 (N.D. Ill. Sept. 19, 2001); Rahim, 2001 WL 1263493 at *12. The court may rely on commonsense assumptions or reasonable inferences. Steinbrecher v. Oswego Police Officer Dickey, 138 F. Supp. 2d 1103, 1106 (N.D. Ill. 2001); Rahim, 2001 WL 1263493 at *12. However, a conclusory allegation that joinder is impracticable or speculation as to the size of the class is insufficient. Roe v. Town of Highland, 909 F.2d 1097, 1100 (7th

Cir. 1990); Marcial v. Coronet Insurance Co., 880 F.2d 954, 957 (7th Cir. 1989); Mungia, 2001 WL 1104635 at *3; Steinbrecher, 138 F. Supp. 2d at 1106. As of January 2001, the Fund had over 560,000,000 outstanding shares. Plaintiffs estimate that there would be thousands and possibly hundreds of thousands of class members. Defendants do not dispute this estimate. Numerosity is found to be satisfied.

Rule 23(a)(2) commonality "is not a demanding requirement; one issue of fact or law common to all class members will suffice." Anderson, 199 F.R.D. at 239. Accord Rahim, 2001 WL 1263493 at *13. In the present case, common questions will include: whether defendants violated federal securities laws; whether prospectuses and registration statements were materially false and misleading; whether defendants were negligent and/or grossly negligent in omitting or misrepresenting any material facts; whether the Fund's net asset value ("NAV") was inflated at times pertinent to the claims; and whether market prices were available to value the senior loans held by the Fund. The Rule 23(a)(2) requirement is satisfied.

Related to the question of commonality are the Rule 23(b)(3) requirements. That rule requires two findings: "[1] that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and [2] that a class action is superior to

other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Matters to consider include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of the class action." Id. Defendants contend that common questions will not predominate because of individual issues of causation and knowledge.

During the proposed Class Period, there were a total of six prospectuses and registration statements[3] that underlie the claims in this case. Defendants contend that individual issues will arise regarding which Documents relate to individual purchases, whether there is a causal relationship between a Document and a class member's Fund purchase, and whether individual class members had knowledge of the alleged misstatements outside the applicable statute of limitations.

"While common questions of law or fact must predominate, they need not be exclusive. Scholes v. Moore, 150 F.R.D. 133,

---

[3]Hereinafter, these prospectuses and registration statements will be referred to jointly as the "Documents."

138 (N.D. Ill. 1993). To determine whether common questions predominate, courts look to whether there is a 'common nucleus of operative facts.' Ziemack [v. Centel Corp.], 163 F.R.D. [530,] 535 [(N.D. Ill. 1995)] (citing Rosario [v. Livaditis], 963 F.2d [1013,] 1018 [(7th Cir. 1992), cert. denied, 506 U.S. 1051 (1993)]). A court should direct its inquiry primarily toward the issue of liability, rather than damages, in determining whether common questions predominate. Beale [v. EdgeMark Financial Corp.], 164 F.R.D. [649,] 658 [(N.D. Ill. 1995)]." In re Bank One Securities Litigation/First Chicago Shareholder Claims, 2002 WL 989454 *7 (N.D. Ill. May 14, 2002).

The question of which Documents relate to a particular purchase is a relatively simple timing question that will not predominate. Each of the Documents will relate to purchases made within a particular time period. Whether a Document was inaccurate is the more complicated and time-consuming issue and one that will be generally applicable to the class, or at least applicable to the subclass that purchased shares during the time period relevant to that Document. Moreover, the Documents generally contain similar wording and valuation issues, with much of the analysis being applicable to all six Documents. As to the knowledge of particular individuals affecting the statute of limitations, there is nothing to indicate that a substantial number of class members will have particularized knowledge that

requires individual consideration. The common questions of law and fact are likely to predominate over individual issues. Cf. id.

As to a class action being a superior method of adjudication, securities cases often are particularly well-suited for class action procedures. Id. at *4. Here, the predominate issues of whether the Documents violated the Securities Act can be more efficiently handled in a single litigation. Moreover, pursuant to the PSLRA, all pending litigation on this issue has already been consolidated before this court and the expense of the litigation might otherwise make it difficult for the plaintiffs to proceed individually. The superiority requirement is satisfied. Cf. id. at *7-8. The Rule 23(b)(3) requirements are fully satisfied.

Rule 23(a)(3) requires that the claims of the class representatives be typical of the claims of the class. The typicality requirement primarily focuses "on whether the named representatives' claims have the same essential characteristics as the claims of the class at large. 'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (quoting Herbert Newberg, Class Actions ¶ 1115(b) at 185

(1977)). Accord <u>Retired Chicago Police</u>, 7 F.3d at 596-97; <u>Rahim</u>, 2001 WL 1263493 at *14. It is only necessary for the claim of the class representative and the claims of the class at large to have the "same essential characteristics;" there may still be differences. <u>Retired Chicago Police</u>, 7 F.3d at 597 (quoting <u>De La Fuente</u>, 713 F.2d at 232); <u>Rahim</u>, 2001 WL 1263493 at *14; <u>Danis v. USN Communications, Inc.</u>, 189 F.R.D. 391, 395 (N.D. Ill. 1999). Similar legal theories may control despite factual distinctions. See <u>Rosario</u>, 963 F.2d at 1018; <u>Clay</u>, 188 F.R.D. at 491-92. "The key to typicality is based on the relationship between the class representative and the class members: are the named plaintiff's interests aligned with those of the proposed class in such a way that the representative, in pursuing his own claims, will also advance the interest of the class?" <u>Rahim</u>, 2001 WL 1263493 at *14. See also <u>In re Bromine Antitrust Litigation</u>, 203 F.R.D. 403, 409 (S.D. Ind. 2001).

Defendants contend lead plaintiffs are not typical because their Fund purchases relate to only four of the six Documents that will be at issue for the Class Period. Defendants also contend that lead plaintiffs face unique defenses based on the dates they purchased Fund shares. As previously discussed regarding the Rule 23(b)(3) requirements, the individual timing issues are not overriding issues. Additionally, they do not make the lead plaintiffs atypical. Their claims still rely on the

same legal theories as the putative class members and there are no special defenses against the lead plaintiffs that would not also apply as to other class members. Additionally, lead plaintiffs do not lack an incentive to pursue claims regarding the two Documents for which the lead plaintiffs did not make related purchases since those two Documents contain statements similar or identical to statements in the other four Documents. Rule 23(a)(3) is satisfied.

Rule 23(a)(4) requires that the named representative adequately represent the interests of the class. Three elements must be satisfied: "(1) the class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the class representative must have a 'sufficient interest in the outcome to ensure vigorous advocacy;' (3) counsel for the class representative must be competent, experienced, qualified and generally able to conduct the proposed litigation vigorously." Lifanda v. Elmhurst Dodge, 2001 WL 755189 *3 (N.D. Ill. July 2, 2001) (quoting Chandler v. Southwest Jeep-Eagle, Inc., 162 F.R.D. 302, 308 (N.D. Ill. 1995)).

As previously discussed regarding typicality, lead plaintiffs have an incentive to pursue claims as to all the putative class members and have a sufficient interest in vigorously pursuing the entire case. Defendants contend that lead plaintiff Fisher has a conflict because he is still an owner

of shares and could have the value of his currently held shares diminished by a judgment against the Fund. That, however, does not create a conflict because he stands to gain substantially more by successfully pursuing the claims in this case than the amount the value of his present shares might diminish.[4] See Ziemack v. Centel Corp., 164 F.R.D. 477 (N.D. Ill. 1995). Last, the attorneys for the lead plaintiffs are experienced and qualified securities fraud litigators. Rule 23(a)(4) is satisfied.

Since all the requirements for Rule 23(b)(3) class certification are satisfied, the motion for class certification will be granted.

IT IS THEREFORE ORDERED that defendants' motion for reconsideration or, alternatively, certification of an interlocutory appeal [36-1,2] is denied. Lead plaintiffs' motion for class certification [21] is granted. A class is certified consisting of: All persons who purchased shares in Van Kampen Prime Rate Income Trust between September 30, 1998 and March 26, 2001, inclusive. Excluded from the Class are the defendants, members of each defendant's immediate family, any entity in which any defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons,

---

[4] A successful claim would not necessarily diminish the value of current shares because it might be paid by other defendants or insurance.

successors, and predecessors in interest or assigns of any such excluded party. Parties shall meet to discuss a proposed Notice to the Class. By September 6, 2002, parties shall file with the court their proposed Notice to the Class.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 26, 2002