IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRENE ABRAMS, on behalf of      )
herself and all others          )
similarly situated,             )
                                )
            Plaintiffs,         )
                                )
      v.                        )      No. 01 C 7538
                                )
VAN KAMPEN FUNDS, INC.,         )      Judge William T. Hart
VAN KAMPEN INVESTMENT ADVISORY  )
CORPORATION, VAN KAMPEN PRIME   )
RATE INCOME TRUST, RICHARD F.   )
POWERS, III, STEPHEN L. BOYD, and )
DENNIS J. McDONNELL,            )
                                )
            Defendants.         )

## O R D E R

1.  The court preliminarily approves the Settlement of
this Action on the terms and conditions set forth in the
Settlement Agreement as being sufficiently fair, reasonable, and
adequate to warrant sending notice of the proposed Settlement to
Class Members and further consideration of the Settlement at the
Fairness Hearing described below.

2.  A hearing will be held on November 16, 2005 at
1:00 p.m. in courtroom 2243 of the United States Courthouse,

219 South Dearborn Street, Chicago, Illinois (the "Fairness Hearing"), to consider, among other things, whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the court; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved by the court; whether a Final Judgment as defined in Section 9 and Exhibit B of the Settlement Agreement should be entered in this Action; and Lead Counsel's application for a Fee and Expense Award. The court may adjourn the Fairness Hearing without further notice to Class Members.

3. The court approves, as modified, the form, substance, and requirements of the Notice, the Summary Notice, the Special Notice (together, the "Notices") and the Claim Information Form annexed as Exhibits A-1, A-2, A-3, and A-4 hereto, and finds that the procedures established for publication, mailing, and distribution of the Notices substantially in the manner and form set forth in paragraphs 4 and 5 of this Notice Order constitute the best notice practicable, is reasonably calculated, under the circumstances, to apprise Class Members of their right to object to the proposed Settlement, is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of the

- 2 -

Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, and the Rules of this court.

4.  Pursuant to Rule 53(b) of the Federal Rules of Civil Procedure, the court appoints the firm of Complete Claim Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than August 8, 2005 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Information Form and for potential Class Members who previously excluded themselves, the Special Notice, substantially in the forms annexed as Exhibits A-1, A-2, and A-4 hereto, to be mailed by first class mail, postage prepaid, to all potential Class Members who can be identified with reasonable effort;

(b) Not later than August 11, 2005, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit A-3 hereto, to be published once in the national edition of *Investor's Business Daily*; and

(c) At least seven (7) days prior to the Fairness Hearing, Lead Counsel or the Class Administrator shall serve on

- 3 -

Defendants' counsel and file with the Clerk of the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who held the shares of Van Kampen Prime Rate Income Trust (the "Trust") that were purchased during the period beginning September 30, 1998 through March 26, 2001, inclusive, shall send the Notice and the Claims Information Form, and where received the Special Notice, to the beneficial owners of such Trust shares within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Claims Information Form, and where applicable the Special Notice, to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are potential Class Members out of the Settlement Fund which expenses would not have been incurred except for the sending of such notice, subject to further order of this court with respect to any dispute concerning such compensation.

6. It is not necessary or appropriate to afford Class Members who have already received the Notice of Pendency, and who elected not to opt out, a second opportunity to do so.

Accordingly, any Class Member who did not previously submit a valid and timely request for exclusion from the Class in response to the Notice of Pendency, and who now wishes to be excluded from the Class, will not be permitted to request exclusion from the Class pursuant to Federal Rule of Civil Procedure 23(e)(3). Any potential Class Member who did not submit a timely written request for exclusion from the Class in response to the Notice of Pendency is a Class Member and shall be bound by all of the terms and provisions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this Action.

7. Any potential Class Member who previously submitted a timely, valid request for exclusion in response to the Notice of Pendency and who now wishes to withdraw his, her, or its request for exclusion and rejoin the Class must mail by first class mail or deliver a completed Form of Request for Revocation of Exclusion to the Administrator, at the address provided in the Special Notice, postmarked or delivered no later than twenty-one (21) days before the Fairness Hearing, or as the court may otherwise direct. The form, substance, and requirements of the Special Notice to those who previously opted out, in the form annexed as Exhibit A-4 are approved.

8. Any potential Class Member who timely and validly withdraws his, her, or its request for exclusion shall be a Class

Member and shall be bound by all of the terms and provisions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable to the Class.

9.  Any Class Member who wishes to participate in the distributions from the Net Settlement Fund must sign and return a completed Claim Information Form in accordance with the instructions contained therein and in the Notice.  Unless otherwise ordered by the court, all Claim Information Forms must be submitted no later than October 26, 2005.  Unless otherwise ordered by the court, any Class Member who does not sign and return a valid Claim Information Form within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund.  Notwithstanding the foregoing, Lead Counsel may, in their sole discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

10.  Any Class Member may enter an appearance in the Action, individually or through counsel of their own choice, at their own expense.  Without an appearance, Class Members will be represented by Lead Counsel.

11.  Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor

- 6 -

any other Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants or the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

12. Any Class Member who wishes to submit written objections or comments as to the fairness, reasonableness, or adequacy of this Settlement, as to any terms of the proposed Settlement Agreement, as to the Plan of Allocation, or as to Lead Counsel's request for a Fee and Expense Award, may mail such objections or comments to Marvin Miller, Miller Faucher and Cafferty LLP, 30 North LaSalle Street Suite 3200, Chicago, IL 60602, or any other Lead Counsel no later than twenty-one (21) days before the Fairness Hearing or as the court may otherwise direct. No later than nine (9) days before the Fairness Hearing, Lead Counsel shall file the written objections and comments with the Clerk of the Court as well as any comments or response from Lead Counsel. As any written objections or comments are received, Lead Counsel shall provide copies to Defendants' Counsel. Any comments from Defendants shall be filed with the Clerk of the Court no later than nine (9) days before the Fairness Hearing.

13. Class Members may file an objection or comments on their own or through an attorney hired at their own expense.

Persons who intend to object to the Settlement, and also desire to present evidence at the Fairness Hearing, should include in their written objections the identity of any witnesses they may seek to call to testify and any exhibits they may seek to introduce into evidence at the Fairness Hearing. Any Party has the right to object to any testimony or other evidence which a person objecting to the Settlement seeks to introduce.

14. Any Class Member may speak at the Fairness Hearing regardless of whether he, she, or it has filed any written objection or comment.

15. No Person who is not a Class Member, Lead Counsel, or the Claims Administrator shall have any right to any portion of the Settlement Fund unless otherwise ordered by the court or otherwise provided in the Settlement Agreement.

16. All Settlement Funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the court. Any undistributed funds shall be subject to the jurisdiction of the court.

17. All papers in support of the Settlement and the Plan of Allocation shall be filed and served nine (9) days prior to the Fairness Hearing.

18. Lead Counsel's application for a Fee and Expense Award shall be filed by October 12, 2005. That presentation shall include, for comparison purposes, an adequate summary, categorization, totals, and subtotals of the lodestar for work on this case, including hours worked on this case and the normal hourly rates of the attorneys and support staff who worked the hours included in the lodestar. The application shall also address the question of whether the percentage being requested should be based on the Settlement Fund: (a) with or without the addition of any income earned while in escrow; (b) with or without a reduction for expenses; and (c) with or without taking into account any possible negative effect the Settlement may have on Trust shares currently held by Class Members.

19. At or after the Fairness Hearing, the court shall determine whether the Plan of Allocation and Lead Counsel's application for a Fee and Expense Award shall be approved.

20. Neither Defendants nor Defendants' Counsel shall have any responsibility for any Plan of Allocation of the Net Settlement Fund or any application for a Fee and Expense Award.

21.  The court expressly reserves the right to adjourn the Fairness Hearing from time to time without any further written notice to Class Members.  The court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

22.  The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Net Settlement Fund shall be under the authority of this court.

23.  This court retains exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.


ENTER:


_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED:  JUNE  3  , 2005

# EXHIBIT A-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IRENE ABRAMS, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>VAN KAMPEN FUNDS, INC., VAN KAMPEN INVESTMENT ADVISORY CORPORATION, VAN KAMPEN PRIME RATE INCOME TRUST, RICHARD F. POWERS, III, STEPHEN L. BOYD, and DENNIS J. McDONNELL,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 01 C 7538<br>)<br>) JUDGE WILLIAM T. HART<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF CLASS ACTION SETTLEMENT

**THIS NOTICE LIKELY AFFECTS YOUR RIGHTS--PLEASE READ IT CAREFULLY**

**TO:　ALL PERSONS WHO PURCHASED SHARES IN VAN KAMPEN PRIME RATE INCOME TRUST BETWEEN SEPTEMBER 30, 1998 AND MARCH 26, 2001, INCLUSIVE.**

**THIS NOTICE OF CLASS ACTION SETTLEMENT DESCRIBES YOUR RIGHTS AS A CLASS MEMBER WITH RESPECT TO THE PROPOSED SETTLEMENT, INCLUDING YOUR RIGHT TO SHARE IN THE SETTLEMENT, YOUR RIGHT TO OBJECT TO THE SETTLEMENT, YOUR RIGHT TO OBJECT TO FEES CHARGED TO THE SETTLEMENT FUND, AND YOUR RIGHT TO OBJECT TO THE ALLOCATION OF THE SETTLEMENT AMONG CLASS MEMBERS.**

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

The above-captioned litigation is a consolidated class

action that has been prosecuted on the class members behalf by

Lead Plaintiffs Kent Fisher and Tom Gallagher (the "Action"). In the Consolidated Amended Complaint, it is alleged that Defendants engaged in improper conduct in connection with the marketing of the Van Kampen Prime Rate Income Trust (the "Trust") by misstating the value of the senior loans in statements provided to shareholders, thereby violating federal securities laws. Plaintiffs were pursuing relief in the form of compensatory damages, interest, costs, and attorneys fees. However, Plaintiffs and Defendants recently entered into a settlement agreement (the "Settlement") that resolves all remaining issues in the case. Because this is a class action, the Settlement must be approved by the Court before it is finalized.

This Notice describes the Settlement and procedures related to the Settlement, including procedures for considering whether the Settlement should be approved by the Court. As is described in further detail below, a Fairness Hearing to consider whether the Settlement and related matters should be approved will be held on **November 16, 2005 at 1:00 p.m. in Courtroom 2243 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois.**

> **Your legal rights are affected whether you act or do not act. Please read this Notice carefully.**

- 2 -

## STATEMENT OF THE RECOVERY TO THE CLASS

The Settlement with the Defendants consists of $31,500,000.00 in cash (the "Settlement Fund"). The recovery is explained in detail below. It will be allocated among Class Members. As is explained below, certain fees and expenses must be paid out of the Settlement Fund before the allocation and distribution of remaining funds to Class Members.

Plaintiffs estimate that 249,118,352 shares of the Trust were purchased during the Class Period and were allegedly damaged, or affected, by the alleged misrepresentations contained in the Trust's registration statements and prospectuses. Under the Plan of Allocation of the Net Settlement Fund discussed at the end of this Notice, Plaintiffs estimate that the average recovery per damaged share of the Trust under this Settlement will be $0.13 before the deduction of attorney, notice, administrative, and tax fees, costs, and expenses, as approved by the Court. The actual recovery per damaged share will depend on, among other things: (1) the number of claims filed; (2) when Class Members purchased their shares during the Class Period; (3) whether Class Members sold their shares during the Class Period or held their shares as of the end of the Class Period; (4) administrative costs, including the costs of notice; and (5) the amount awarded by the Court to Lead Counsel for the

- 3 -

Plaintiffs for attorneys fees, costs, and expenses.   Distribu-
tions to Class Members who are Authorized Claimants will be made
based on the Plan of Allocation set forth at the end of this
Notice.

Plaintiffs' Counsel will apply to the Court for an award
of attorneys fees from the Settlement Fund of thirty percent
(30%) of the Settlement Fund, and reimbursement of expenses of no
greater than $2,700,000, or a total average of approximately $.05
per allegedly damaged share.

## HISTORY OF THIS ACTION

On January 7, 2002, Plaintiffs filed their Consolidated
Amended Complaint ("Complaint"), alleging that the Defendants
misvalued certain senior loans held by the Trust, in violation of
rules of the Securities and Exchange Commission, and issued
registration statements and prospectuses for the Trust that
contained false and misleading statements about the Trust's Net
Asset Value, the price at which shares of the Trust are bought
and sold by members of the public.   The Complaint asserted claims
for violations of Sections 11, 12, and 15 of the Securities Act
of 1933 and for breach of fiduciary duty under state law.

On May 29, 2002, the Court granted in part and denied
in part Defendants' motion to dismiss the Complaint.   On
August 26, 2002, the Court granted Plaintiffs' motion for class

- 4 -

certification. Commencing October 15, 2002, a Notice of Pendency of this action was mailed to all potential members of the Class. On October 30, 2002, a Summary Notice of Pendency of this action was published in the Investors' Business Daily pursuant to the Court's order.

Beginning in the middle of 2002, the parties were engaged in extensive fact and expert discovery, which included the production of several hundred thousand pages of documents as well as depositions of individuals with knowledge relevant to the issues in this case. On June 24, 2004, the Court denied Plaintiffs' summary judgment motion and granted in part and denied in part Defendants' summary judgment motion. On September 20, 2004, Plaintiffs moved to voluntarily dismiss the Section 12 and state law breach of fiduciary duty claims. Commencing on October 22, 2004, the Amended Notice of Pendency of this action was mailed to all members of the Class. After conducting a fairness hearing, the Court granted Plaintiffs' motion for voluntary dismissal of the Section 12 and state law breach of fiduciary duty claims.

Since March 2004, the parties were engaged in negotiations concerning a potential resolution of the Action. On April 20, 2005, the parties executed a Stipulation of Settlement.

- 5 -

## THE CIRCUMSTANCES OF THE SETTLEMENT

The Parties in this Action disagree as to the probable outcome of the Action with respect to liability and damages. While Plaintiffs were prepared to proceed to trial, and are confident in the merits of their claims, Plaintiffs recognize that going to trial is a risky proposition and that they may not have prevailed on all or any of their claims.  Defendants believe that they had strong defenses and that they would have prevailed at trial.  Defendants believe that the evidence at trial would have shown that Plaintiffs' claims are barred by the statute of limitations.  Defendants believe that the evidence at trial would have also shown that Plaintiffs' "overpricing" analysis was incorrect because it was based on unreliable data that Defendants justifiably concluded could not be used as the sole basis for valuing the Trust's assets.  Defendants believe the evidence at trial would have shown that the valuation methodology they did use was fair, reasonable, and fully consistent with all regulatory requirements.  Defendants also believe that the evidence would have shown that any damages sustained by Plaintiffs (assuming liability) was a small fraction of what Plaintiffs were seeking.  While Plaintiffs believe they have a strong case, these defenses create uncertainty as to Plaintiffs' ability to win at trial.

- 6 -

The parties also disagree as to the probable outcome of the Action with respect to damages. In particular, the parties disagree as to the method of how the Class's damages should be calculated. Plaintiffs presumed that the entire decline in the Trust's net asset value per share ("NAV") was attributable to the alleged misrepresentations. Using this assumption, Plaintiffs' damages expert calculated the alleged damages to be between $220 million and $271 million, or between $0.88 and $1.09 per allegedly damaged share. These damages amounts, however, assume that a jury would make every factual finding in the case as to liability and damages in favor of Plaintiffs and against Defendants. Defendants have argued that the decline in the Trust's NAV was the result of external economic conditions outside of their control. If this Action were to proceed to trial, any finding of damages would be reduced by the amount of NAV decline that Defendants could prove was the result of external economic conditions.

This dispute regarding causation and damages would be the subject of expert testimony, and it is difficult to accurately predict whose arguments would be credited by the Court and the jury. At trial, Plaintiffs potentially could recover all of their claimed damages, they could recover nothing, they could be restricted to a recovery dictated by Defendants' view of damages,

QUESTIONS? CALL ( )_____ toll-free or visit www.completeclaimresolutions.com

or they could recover substantially less than the amount of this Settlement. Plaintiffs' Lead Counsel have recommended the Settlement to the Lead Plaintiffs because they believe that this Settlement provides a substantial recovery to the Class, and that it is fair, reasonable, and adequate in view of the substantial risks of litigation discussed above.

## FURTHER INFORMATION

Further information regarding this Settlement may be obtained by contacting Plaintiffs' Counsel, Marvin A. Miller, Esq. and Jennifer W. Sprengel, Esq., Miller Faucher and Cafferty LLP, 30 North LaSalle Street, Suite 3200, Chicago, Illinois 60602; Joel H. Bernstein, Esq. and David J. Goldsmith, Esq., Goodkind Labaton Rudoff & Sucharow LLP, 100 Park Avenue, 12th Floor, New York, New York 10017-5563; or Paul J. Geller, Esq. and Jack Reise, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 197 South Federal Highway, Suite 200, Boca Raton, Florida 33432. You may also call (___) _____ toll-free, or write to *Abrams v. Van Kampen Funds, Inc.*, c/o Complete Claim Solutions, Inc., P.O. Box _____, West Palm Beach, Florida 33416.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION

    1.  Why did I receive this Notice package?

    2.  Why is there a Settlement?

- 8 -

3.  How do I know if I am part of the Settlement?

4.  Are there exceptions to being included?

5.  I'm still not sure if I am included.

6.  What does the Settlement provide?

7.  How much will my payment be?

8.  How can I receive a payment?

9.  When will I receive my payment?

10.  What am I giving up to receive a payment?

11.  Can I exclude myself from the Settlement?

12.  If I excluded myself before, can I rejoin the Class now and potentially be included in the Settlement?

13.  If I did not previously exclude myself, can I sue the Defendants for the same thing later?

14.  If I previously excluded myself, and do not revoke my exclusion, can I obtain a payment from the Settlement?

15.  Do I have a lawyer in this case?

16.  How will these lawyers be paid?

OBJECTING TO OR SUPPORTING THE SETTLEMENT

17.  How do I notify the Court that I do or do not like the Settlement, the Request for Attorneys Fees and Expenses, and/or the Plan of Allocation?

18.  What is the difference between objecting and requesting exclusion?

- 9 -

THE SETTLEMENT FAIRNESS HEARING

     19.  When and where will the Court decide whether to approve the Settlement?

     20.  Do I have to come to the hearing?

     21.  May I speak at the hearing?

IF YOU FAIL TO FILE A TIMELY CLAIM INFORMATION FORM

     22.  What will happen if I do nothing at all?

GETTING MORE INFORMATION

     23.  Are there more details about the Settlement?

PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG AUTHORIZED CLAIMANTS

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

## BASIC INFORMATION

### 1.  Why did I receive this Notice package?

The Court authorized this Notice to be sent to you because you or someone in your family may have purchased shares of the Van Kampen Prime Rate Income Trust (the "Trust") between September 30, 1998 and March 26, 2001, inclusive.

If the description above applies to you or someone in your family, you have a right to know about the proposed Settlement of the Action, and about all of your options, before the Court decides whether to approve the Settlement.  If the

- 10 -

Court approves the Settlement, and favorably resolves any objections or appeals that may be filed in opposition to the Settlement, then an administrator appointed by the Court will calculate claims and distribute the payments that the Settlement permits.

This Notice package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The case is titled *Abrams v. Van Kampen Funds, Inc., et al.,* No. 01 C 7538. The case is referred to in this document as the "Action." The people who brought the lawsuits are called the Plaintiffs, and the company and the persons they sued are called the Defendants.

### 2. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants in the lawsuit. Instead, both sides agreed to a Settlement. As explained above, the Lead Plaintiffs and their attorneys think the Settlement is best for all Class Members. To see if you will receive a payment from this Settlement, you first need to know if you are a Class Member.

### 3. How do I know if I am part of the Settlement?

The Court decided earlier in this Action that everyone who fits the following description is a potential Class Member:

- 11 -

*All persons who purchased or acquired shares of the Van Kampen Prime Rate Income Trust between September 30, 1998 and March 26, 2001, inclusive.* Potential Class Members are Class Members and part of the Settlement if none of the exceptions described in the answer to question 4 apply.

### 4. Are there exceptions to being included?

Yes. You are not a Class Member if you are a Defendant, a member of the immediate family of one of the individual Defendants, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, controlling persons, heirs, successors, and predecessors-in-interest or assigns of any such excluded party.

In addition, anyone who submitted a valid and timely request for exclusion from the Class in accordance with the procedures set forth in the Notice of Pendency or Amended Notice of Pendency previously mailed to potential Class Members in this Action, and does not rejoin the Class by submitting a timely revocation of such request for exclusion in accordance with the procedures set forth in the Special Notice to Class Members Who Previously Requested to be Excluded From the Class and Form of Request for Revocation of Exclusion ("Special Notice"), is not a Class Member and cannot participate in the Settlement.

### 5. I'm still not sure if I am included.

- 12 -

If you are still not sure whether you are included, you can ask for help free of charge. You can call (___) _____ toll-free or contact one or more of Plaintiffs' attorneys at the addresses listed in this Notice, or visit www.completeclaimsolutions.com for more information. You can also sign and return the enclosed Claim Information Form to see if you qualify.

### 6. What does the Settlement provide?

This Settlement consists of thirty-one million five hundred thousand dollars ($31,500,000.00) in cash. The Net Settlement Fund will be thirty-one million five hundred thousand dollars ($31,500,000.00) plus any accrued interest less attorney, notice, administrative, and tax fees, costs, and expenses.

### 7. How much will my payment be?

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid Claim Information Forms that Class Members submit, how many shares of the Trust you purchased, and when you purchased or sold your shares. The Plan of Allocation is included at the end of this Notice.

By following the Plan of Allocation at the end of this Notice, you can calculate your "Recognized Loss." The Claims Administrator will distribute the Net Settlement Fund according

- 13 -

to the Plan of Allocation after the deadline for submission of Claim Information Forms has passed.

### 8. How can I receive a payment?

To qualify for payment, you must sign and return the Claim Information Form enclosed with this Notice. The Claim Information Form contains detailed information Plaintiffs received from Defendants concerning your purchases and sales of shares of the Trust during the Class Period. Review the form and read the instructions carefully. If you believe the transactions and information set forth in the form is correct, sign the form and mail it to *Abrams v. Van Kampen Claims*, c/o Complete Claim Solutions, Inc., P.O. Box ____, West Palm Beach, Florida 33416, postmarked no later than **October 26, 2005**. If you have any questions, or need assistance, call (__) _____ toll-free or send an e-mail to _____, and someone will assist you.

### 9. When will I receive my payment?

The Court will hold a hearing on **November 16, 2005** to decide whether to approve the Settlement. Even if the Court approves the Settlement, it could take more than a year before the Settlement Fund is distributed to the Class Members. One reason that it may take more than a year for the Settlement Fund to be distributed is that delays could be caused by the filing of appeals. This would happen if, for example, a Class Member

- 14 -

objects to any aspect of the Settlement, and is not satisfied by the resolution of that objection by the Court. That person could then appeal the Court's decision. In addition, it is always uncertain whether an appeal will be resolved in favor of the Settlement and resolving any such appeals or objections can take time, perhaps more than a year. The other reason that it may take more than a year for the Settlement Fund to be distributed is that once the Settlement has been approved, and any appeals are resolved, the Claims Administrator must process all of the Claim Information Forms. The processing, by itself, is a complicated process and takes many months.

### 10. What am I giving up to receive a payment?

If you are a Class Member, if the Settlement is approved, you, on behalf of yourself, your heirs, executors, administrators, successors, assigns, and any persons you represent, will release all "Released Claims," including all "Unknown Claims," against all "Defendants" and all "Released Persons" (as defined below and more fully in the Settlement Agreement).

(a) "Released Claims" shall collectively mean all claims (including "Unknown Claims"), demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or

- 15 -

that could have been asserted, in law or equity, accrued or
unaccrued, fixed or contingent, direct, individual, or
representative, including, without limitation, claims for
negligence, gross negligence, breach of duty of care and/or
breach of duty of loyalty, fraud, breach of fiduciary duty, and
violations of any state or federal statutes, rules, or
regulations, including the law of any jurisdiction outside the
United States, by any Class Member against any of the Defendants
or the Released Persons arising out of, based upon, or related in
any way to the purchase of shares in Van Kampen Prime Rate Income
Trust by any Class Member during the Class Period or the facts,
transactions, events, occurrences, acts, disclosures, statements,
omissions, or failures to act which were or could have been
alleged in the Action.

(b) "Released Persons" means the Defendants, their
respective present and former parents, subsidiaries, divisions,
and affiliates, the present and former employees, officers, and
directors of each of them, the present and former attorneys,
accountants, insurers, partners, principals, and agents of each
of them, and the predecessors, heirs, executors, administrators,
successors, and assigns of each of them, and any person or entity
which is or was related to or affiliated with any Released Person
or in which any Released Person has or had a controlling interest

- 16 -

and the present and former employees, officers, directors, attorneys, accountants, insurers, partners, principals, and agents of each of them.

(c) "Unknown Claims" means any Released Claims which the Lead Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Defendants and the Released Persons which, if known by them, might have affected their settlement with and release of the Defendants and the Released Persons, or might have affected their decision whether to object to this Settlement.

(d) With respect to any and all Unknown Claims and Released Claims against the Defendants and the Released Persons, the Parties stipulate and agree that, upon the Final Settlement Date, the Lead Plaintiffs shall expressly waive and relinquish, and the other Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

- 17 -

The Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or of international or foreign law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. The Lead Plaintiffs and the other Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Unknown Claims and Released Claims, but hereby stipulate and agree that upon the Final Settlement Date, the Lead Plaintiffs fully, finally, and forever settle and release, and each other Class Member shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Unknown Claims and Released Claims against the Defendants and the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent

- 18 -

discovery or existence of such different or additional facts. The parties acknowledge that the foregoing waiver was bargained for and a key element of the Settlement of which this release is a part.

(e) If you are a Class Member, the Court's proceedings, rulings, orders, and judgments will apply to you and legally bind you.

### 11. Can I exclude myself from the Settlement?

No, because the time for doing so has passed. All known potential Class Members were previously mailed a Notice of Pendency and/or Amended Notice of Pendency of this Action, as ordered by the Court. The Notice of Pendency was mailed beginning in October 2002, and an Amended Notice of Pendency was mailed beginning in October 2004. These notices provided all potential Class Members with an opportunity to exclude themselves from this Action. If you did not submit a valid and timely request for exclusion from the Class in response to the Notice of Pendency or Amended Notice of Pendency, you cannot request exclusion from the Class at this point.

### 12. If I excluded myself before, can I rejoin the Class now and potentially be included in the Settlement?

Yes. The Special Notice (defined above) has been mailed to all persons who excluded themselves from the Class. The form

- 19 -

enclosed with the Special Notice enables people who excluded themselves to rejoin the Class if they wish. If you previously submitted a timely and valid request for exclusion from the Class and now wish to rejoin the Class and potentially participate in the Settlement, you must mail a completed Form of Request for Revocation of Exclusion. You must mail this form, postmarked no later than **October 26, 2005**, to:

> *Abrams v. Van Kampen Exclusion Revocations*
> c/o Complete Claim Solutions, Inc.
> P.O. Box _____
> West Palm Beach, Florida  33416

**13. If I did not previously exclude myself, can I sue the Defendants for the same thing later?**

No. Unless you previously excluded yourself and have not revoked your exclusion, you give up any right to sue the Defendants for the claims that this Settlement releases.

**14. If I previously excluded myself and do not revoke my exclusion, can I obtain a payment from the Settlement?**

No. If you previously excluded yourself and you do not revoke your request for exclusion, you may not send in a Claim Information Form to ask for any payment.

**15. Do I have a lawyer in this case?**

Yes. The Court appointed the law firms of Miller Faucher and Cafferty LLP, of Chicago, Goodkind Labaton Rudoff & Sucharow

LLP, of New York City, and Lerach Coughlin Stoia Geller Rudman & Robbins LLP, of Boca Raton, Florida, to represent all Class Members in this Action. These three law firms are Lead Counsel for the Plaintiffs in this Action. You will not be charged for these lawyers, although the Court may award them a portion of the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will these lawyers be paid?

Lead Counsel for the Plaintiffs will apply, in one or more applications, to the Court for an award of attorneys fees from the Settlement Fund of thirty percent (30%) of the Settlement Fund, and reimbursement of expenses of no greater than $2,700,000.00. If this amount is awarded by the Court, the average estimated cost per allegedly damaged share would be $0.05. Plaintiffs' Lead Counsel have expended considerable time litigating this Action on a contingent fee basis, and have advanced all of the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive attorneys fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO OR SUPPORTING THE SETTLEMENT

You can tell the Court that you do or do not agree with the Settlement, some part of it, the Plan of Allocation, or Plaintiffs' Lead Counsels' request for attorneys fees and reimbursement of expenses.

## OBJECTING TO OR SUPPORTING THE SETTLEMENT

**17. How do I notify the Court that I do or do not like the Settlement, the Request for Attorneys Fees and Expenses, and/or the Plan of Allocation?**

(a) If you are a Class Member, you may object to the Settlement if you do not like any part of it. If you object to the Settlement, you can present reasons why you think the Court should not approve the Settlement. The Court will consider your views. To object, you may send a letter saying that you object to the Settlement. Be sure to include the case name and number ("Abrams v. Van Kampen Funds, Inc., et al., No. 01 C 7538") your name, address, telephone number, and signature, the reason(s) you object to the Settlement, and all legal support and evidence to support your objection, including the identity of any witnesses you may seek to call to testify and any exhibits you may seek to

- 22 -

introduce.  Mail the objection to

>  Marvin A. Miller
>  Miller Faucher and Cafferty LLP
>  30 North LaSalle Street, Suite 3200
>  Chicago, IL  60602

no later than **October 26, 2005.**

(b) If you desire to submit positive written comments, follow the same procedure as for objections that is set forth in subsection (a) above.

(c) Regardless of whether you have submitted written objections or comments, you may appear at the Fairness Hearing to present oral objections or comments.  The Fairness Hearing will take place on **November 16, 2005 at 1:00 p.m. in Courtroom 2243 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois.**

**18. What is the difference between objecting and requesting exclusion?**

Objecting is telling the Court that you do not like something about the Settlement.  You can object only if you are a Class Member.  If you have excluded yourself, that tells the Court that you do not want to be a Class Member, and accordingly, unless you rejoin the Class, you cannot object because the case no longer affects you.

- 23 -

## THE SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing, called a Fairness Hearing, to decide whether to approve the Settlement. You may attend and you may ask to speak by notifying the Court of your intention to appear as described below.

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at **1:00 p.m. on** *November 16, 2005*, **in Courtroom 2243 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois.** At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections or other comments, the Court will consider them. The Court will listen to people who ask to speak at the hearing. The Court will also consider how much to award Plaintiffs' Lead Counsel for attorneys fees and expenses and whether to approve the Plan of Allocation and the Settlement. We do not know how long these decisions will take.

**20. Do I have to come to the hearing?**

No. Plaintiffs' Lead Counsel and Defendants' Counsel will answer the questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in an objection or comment, you do not have to come to Court to

- 24 -

talk about it. As long as you mailed your written objection or comment on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. If you do hire an attorney to represent you at the Fairness Hearing, your attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of that notice to Lead Counsel at the address set forth in answer to question 17 no later than twenty-one (21) days before the date of the Fairness Hearing. If you plan to come to the hearing, you should contact Lead Counsel to make sure the hearing has not been rescheduled.

**21. May I speak at the hearing?**

You may speak at the hearing if you are a Class Member.

**IF YOU FAIL TO FILE A TIMELY CLAIM INFORMATION FORM**

**22. What will happen if I do nothing at all?**

If you fail to file a timely Claim Information Form in response to this Notice, you will not get any money from this Settlement. Also, if you are a Class Member, you will not ever be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any Defendant about the legal issues being released in this case.

**GETTING MORE INFORMATION**

**23. Are there more details about the Settlement?**

- 25 -

Yes. This Notice summarizes the proposed Settlement. More details are contained in the formal Settlement Agreement which was filed with the Court. If you want a copy of the Settlement Agreement, or if you have any questions about the Settlement, you may:

• Call (\_\_\_) _____, toll-free;

• Write to Plaintiffs' Lead Counsel at the address in the answer to question 17 above; or

• Write to *Abrams v. Van Kampen Claims*, c/o Complete Claim Solutions, Inc., P.O. Box \_\_\_\_\_, West Palm Beach, Florida 33416.

***PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS' COUNSEL WITH QUESTIONS.***

### PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG AUTHORIZED CLAIMANTS

The Settlement Fund of $31,500,000.00, plus interest but after deduction of Court-approved attorneys fees and expenses, and taxes and notice and administrative costs (the "Net Settlement Fund"), will be distributed to all Class Members who submit acceptable Claim Information Forms and are not excluded ("Authorized Claimants").

The Plan of Allocation is based on the amount of alleged overpricing of the daily Net Asset Value per share ("NAV") of the

- 26 -

Trust during the Class Period. "Overpricing" means the difference between the Trust's reported NAV on a given day during the Class Period and what Plaintiffs allege the NAV of the Trust should have been on that day. A Table of the daily alleged overpricing during the Class Period is included with this Notice. This alleged overpricing was calculated with the assistance of economic consultants retained by Lead Counsel to ensure an equitable distribution of the Net Settlement Fund among all Authorized Claimants.

Plaintiffs contended during the litigation that the amount of alleged overpricing bears a direct correlation to the legal damages recoverable by the Class under Section 11 of the Securities Act. Defendants disputed this contention.

The Claims Administrator will determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." Each Authorized Claimant's "Recognized Loss" will be calculated for purposes of the Settlement as follows:

(a) For shares of the Trust that were purchased during the Class Period and still held as of the end of the Class Period, the Recognized Loss per share is equal to the alleged overpricing, if any, on the day of purchase.

- 27 -

(b) For shares of the Trust that were purchased during the Class Period and sold before the end of the Class Period, the Recognized Loss per share is equal to the alleged overpricing, if any, on the day of purchase less the alleged overpricing, if any, on the day of sale.

(c) The Claim Information Form included with this Notice contains detailed information Plaintiffs received from Defendants concerning Class Members' purchases and sales of shares of the Trust during the Class Period. Plaintiffs' economic consultants and Claims Administrator have analyzed this information in depth. The date of purchase or sale is the "contract" or "trade" date and not the "settlement" date.

For Class Members who made multiple purchases or sales of shares of the Trust during the Class Period, the first-in, first-out inventory method, or "FIFO," will be used to calculate the Recognized Loss. The first purchase of shares of the Trust will be matched with the first subsequent sale of shares of the Trust, and so on chronologically throughout the Class Period. If at any time more shares are sold than have been purchased during the Class Period, an initial balance of a corresponding number of shares will be imputed.

All calculations of Recognized Losses will be net of gains realized on any transaction, i.e., where the alleged

- 28 -

overpricing on the day of sale is greater than on the day of purchase.  This means that any Authorized Claimant who ultimately "broke even" or benefitted from the alleged overpricing of shares of the Trust will have a Recognized Loss of zero, and will not receive a payment from the Net Settlement Fund.

Cash dividends paid by the Trust have no bearing on the calculation of an Authorized Claimant's Recognized Loss.  Likewise, the receipt of a gift or grant of shares of the Trust, or a transfer of shares of the Trust from one account into another, is not a purchase of shares of the Trust, and accordingly, has no bearing on the calculation of Recognized Loss.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.  As such, each Authorized Claimant will receive a pro rata share of the Net Settlement Fund.  The Court has reserved jurisdiction to allow, disallow, or adjust the Recognized Loss of any Class Member on

- 29 -

equitable grounds and resolve any other disputes regarding a Class Member's Recognized Loss or pro rata share.

*Please note that the term "Recognized Loss" is used solely for calculating the amount of participation by Authorized Claimants in the Net Settlement Fund, and does not reflect the actual amount an Authorized Claimant can expect to recover.*

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased one or more shares of the Van Kampen Prime Rate Income Trust, formerly known as Van Kampen American Capital Prime Rate Income Trust, during the Class Period as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either:  (a) send a copy of this Notice, the accompanying Claim Information Form, and the accompanying Special Notice by first class mail to all such beneficial owners; or (b) provide a list of the names and addresses of such beneficial owners to the Claims Administrator at the following address:

>       *Abrams v. Van Kampen Nominees*
>       c/o Complete Claim Solutions, Inc.
>       P.O. Box _____
>       West Palm Beach, Florida  33416

DATED: _____,    BY ORDER OF THE UNITED STATES
2005                                 DISTRICT COURT FOR THE NORTHERN
                                     DISTRICT OF ILLINOIS

- 30 -

**Abrams v. Van Kampen Funds Claims**
**c/o Complete Claim Solutions**
**P.O. Box _____**
**West Palm Beach, Florida 33416**
**(___) _____**
**_____@_____.com**

| RESPONSE DUE DATE: | | Official Use Only |
|---|---|---|
| *POSTMARKED* *NO LATER THAN* *October 26 , 2005* | | |

## CLAIM INFORMATION FORM

CLAIM NO:

Correct the record name of shareholder and address (if different from information on left):

_____

_____

_____

_____

Dear Class Member:

You have been identified as a member of the Class in the Settlement of the *Abrams v. Van Kampen Funds* class action litigation. Accordingly, you may have previously received a Notice of Pendency and/or an Amended Notice of Pendency of this Action in the mail, and this Claim Information Form should be accompanied by a Notice of Proposed Settlement of Class Action and Fairness Hearing ("Notice"). This Action has been settled subject to the approval of the Court and you may be entitled to a payment from the Net Settlement Fund. This form lists below the investment information we have concerning your purchases and sales of shares of the Van Kampen Prime Rate Income Trust (formerly known as Van Kampen American Capital Prime Rate Income Trust) during the Class Period of September 30, 1998 through March 26, 2001, inclusive.

- If the investment information listed below is **correct,** then all you need to do is <u>sign</u> this form below and <u>mail</u> it to the Claims Administrator at the above address so that it is **postmarked no later than October 26, 2005.**

- If any of the investment information listed below is **incorrect** or **incomplete,** you should <u>cross out</u> the incorrect information, note any correction(s) or any additional information to the right of the information listed, <u>sign</u> the form below and <u>mail</u> it to the Claims Administrator at the above address so that it is **postmarked no later than October 26, 2005.** You must also provide <u>appropriate</u> <u>documentation</u> (such as brokerage statements or trade confirmations) that supports these corrections or additions. If you note corrections or additions but do not include appropriate supporting documentation, your *pro rata* payment from the Net Settlement Fund will be based solely on the investment information listed below.

If the Settlement is approved by the Court, and if you have a Recognized Loss entitling you to a *pro rata* payment from the Net Settlement Fund as calculated in accordance with the Plan of Allocation described in the accompanying Notice, a check representing such *pro rata* share will be sent to you at an appropriate time after all Forms have been processed. Please advise the Claims Administrator of any changes in your address.

**If you are a Class Member and you do not <u>sign</u> and <u>return</u> this Form by the deadline, you will not receive any money from the Net Settlement Fund but you will still be bound by all orders of the Court in this action, including the release reprinted in the Notice.**

Signed Claim Information Forms must be mailed to the Claims Administrator at the above address so that they are postmarked on or before **October 26, 2005.** You may send your form to the Claims Administrator by some method other than first class mail, but if you do so the form will be deemed to have been submitted on the date it is actually received by the Claims Administrator.

# EXHIBIT A-2

### *INVESTMENT INFORMATION*

**Please review and verify the accuracy and completeness of the following information. Note any changes in the space provided and enclose supporting documentation with this form.**

*Corrections/Additions? Add below:*

Purchases of shares:

Sales of shares:

### Certification

I certify under penalty of perjury that all of the information set forth above is true and correct to the best of my knowledge, information, and belief. I understand and acknowledge that upon the Final Settlement Date, as defined in the Stipulation of Settlement, my signature will constitute a full and complete release, remise, and discharge by me or, if I am submitting this Form on behalf of a corporation, a partnership, an estate, or one or more other persons, by it, him, her, or them, and by my, its, his, her, or their heirs, executors, administrators, successors, and assigns and any person I, it, he, she, or they represent, of all Released Claims, including all Unknown Claims, against all Defendants and Released Persons, as defined in the Notice and more fully in the Stipulation of Settlement.

Additionally, I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code. <u>NOTE</u>: If you have been notified by the Internal Revenue Service that you <u>are</u> subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

_____        _____
Signature                                                          Date

_____
Print name

on behalf of:

_____
(Print name of corporation, partnership, estate, or other
entity if you are submitting this form on behalf of one of them.)

# EXHIBIT A-2

# EXHIBIT A-3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE ABRAMS, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 01 C 7538 |
| VAN KAMPEN FUNDS, INC., VAN KAMPEN INVESTMENT ADVISORY CORPORATION, VAN KAMPEN PRIME RATE INCOME TRUST, RICHARD F. POWERS, III, STEPHEN L. BOYD, and DENNIS J. McDONNELL, | ) ) ) ) ) ) ) | Judge William T. Hart |
| Defendants. | ) | |

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FAIRNESS HEARING

**TO:** **ALL PERSONS OR ENTITIES WHO PURCHASED SHARES OF VAN KAMPEN PRIME RATE INCOME TRUST BETWEEN SEPTEMBER 30, 1998 AND MARCH 26, 2001, INCLUSIVE.**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A SETTLEMENT IN THIS CLASS ACTION LAWSUIT.**

This Summary Notice of Proposed Settlement of Class Action and Fairness Hearing is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois dated June 3, 2005. The purpose of this notice is to inform you of the proposed settlement that has been reached in this class action between Lead Plaintiffs and Defendants Van Kampen Funds, Inc., Van Kampen Investment Advisory Corp., Van Kampen Prime Rate Income Trust (the "Trust"), Richard F. Powers III, Dennis J. McDonnell, and Stephen L. Boyd.

The proposed Settlement provides for the creation of a thirty-one million five hundred thousand dollar ($31,500,000.00) Settlement Fund to be distributed to Authorized Claimants pursuant to a proposed Plan of Allocation. The proposed Settlement resolves each and every claim, whether known or unknown, arising out of or relating, directly or indirectly, to purchases of shares of the Trust from September 30, 1998 through March 26, 2001, inclusive, that has been, might have been, or

could have been asserted against the Defendants and certain affiliated persons and entities.

A Fairness Hearing will be held before the Honorable William T. Hart, United States District Judge, **on November 16, 2005 at 1:00 p.m. at the United States Courthouse, 219 South Dearborn Street, Room 2243, Chicago, Illinois.** The purpose of the hearing will be, among other things, to consider (i) whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and therefore, whether the action should be dismissed with prejudice, (ii) whether the Plan of Allocation of the Settlement Fund should be approved, and (iii) whether the application by Lead Counsel for the Lead Plaintiffs for an award of attorneys fees and reimbursement of expenses incurred in prosecuting the Action should be approved.

You are a Class Member if you purchased shares of the Trust from September 30, 1998 through March 26, 2001, inclusive, and you did not previously submit a valid and timely request for exclusion from the Class. Your rights against the Defendants and certain affiliated persons and entities will be affected by this Settlement. In particular, if you wish to share in the Settlement money, you must return a signed claim, on a Claim Information Form, postmarked no later than **October 26, 2005,** establishing that you are entitled to recovery. **IF YOU DO NOT**

- 2 -

**RETURN A SIGNED CLAIM INFORMATION FORM, YOU WILL NOT SHARE IN THE SETTLEMENT MONEY BUT YOU WILL STILL BE BOUND BY THE FINAL JUDGMENT OF THE COURT.**

This notice provides only a summary of matters concerning the Action and the proposed Settlement. The detailed individual Notice of Proposed Settlement of Class Action and Fairness Hearing and the Claim Information Form have previously been mailed to Class Members. These materials contain additional important information regarding the proposed Settlement and related matters affecting Class Members' rights. If you have not received a copy of these materials, you may obtain them free of charge by contacting: *Abrams v. Van Kampen Class Notices*, c/o Complete Claim Solutions, Inc., P.O. Box _____, West Palm Beach, Florida 33416, (___) _____.

You may also contact Lead Counsel for the Lead Plaintiffs directly: Marvin A. Miller, Esq., Miller Faucher and Cafferty LLP, 30 North LaSalle Street, Suite 3200, Chicago, Illinois 60602; Joel H. Bernstein, Esq., Goodkind Labaton Rudoff & Sucharow LLP, 100 Park Avenue, New York, New York 10017-5563; and Paul J. Geller, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 197 South Federal Highway, Boca Raton, Florida 33432.

- 3 -

**EMPLOYEES OF THE COURT CANNOT ANSWER QUESTIONS ABOUT THIS CASE. PLEASE DIRECT ALL QUESTIONS TO THE CLAIMS ADMINISTRATOR OR LEAD COUNSEL.**

DATED: _____,    BY ORDER OF THE UNITED STATES
2005                               DISTRICT COURT FOR THE NORTHERN
                                   DISTRICT OF ILLINOIS

# EXHIBIT A-4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE ABRAMS, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 01 C 7538 |
| VAN KAMPEN FUNDS, INC., VAN KAMPEN INVESTMENT ADVISORY CORPORATION, VAN KAMPEN PRIME RATE INCOME TRUST, RICHARD F. POWERS, III, STEPHEN L. BOYD, and DENNIS J. McDONNELL, | ) ) ) ) ) ) ) | Judge William T. Hart |
| Defendants. | ) | |

**SPECIAL NOTICE TO CLASS MEMBERS WHO
PREVIOUSLY REQUESTED TO BE EXCLUDED
FROM THE CLASS, AND FORM OF REQUEST
FOR REVOCATION OF EXCLUSION**

**TO:** **ALL PERSONS OR ENTITIES ELIGIBLE TO BE MEMBERS OF THE CLASS WHO PURCHASED SHARES OF THE VAN KAMPEN PRIME RATE INCOME TRUST FROM SEPTEMBER 30, 1998 THROUGH MARCH 26, 2001, INCLUSIVE, AND WHO PREVIOUSLY REQUESTED TO BE EXCLUDED FROM THE CLASS**

This is a Special Notice being sent to all members of the Class, certified by the Court in this Action, who submitted a timely and valid request to be excluded from the Class in response to the earlier Notice of Pendency of Class Action, dated October 15, 2002, or Amended Notice of Pendency of Class Action dated October 22, 2004.

The Parties believe that this Special Notice is necessary and appropriate because, among other reasons, there have been **significant developments** in this Action that could cause persons who previously excluded themselves from the Class to reconsider this earlier action, and decide to re-join the Class.

Among the most significant developments are:

1. Lead Plaintiffs, on behalf of the Class, have entered into a Settlement of this case with Defendants Van Kampen Funds, Inc., Van Kampen Investment Advisory Corp., Van Kampen Prime Rate Income Trust (the "Trust"), Richard F. Powers III, Dennis J. McDonnell, and Stephen L. Boyd, that will provide for the payment of thirty-one million five hundred thousand dollars ($31,500,000.00), less attorneys fees and expenses as awarded by

the Court and certain notice, tax, and administration costs and expenses, to the Class, as more fully described in the separate Notice of Proposed Settlement of Class Action and Fairness Hearing, which is also enclosed with this Special Notice.

2. Only members of the Class will be eligible to receive a portion of the proceeds from the Settlement of this Action. If you do not revoke your earlier request to be excluded from the Class in the manner described below, you will not be eligible to participate in or receive any money from the Settlement.

3. If you do not revoke your prior request to be excluded from the Class in the manner described below, you will not have any further opportunity to re-join the Class.

4. In deciding to enter into the proposed Settlement, Lead Counsel for the Class considered, among other things, that there are certain risks of continued litigation with respect to the claims asserted in this Action. A discussion of these risks is set forth in the Notice of Proposed Settlement of Class Action and Fairness Hearing included with this Special Notice.

5. If you do revoke your prior request to be excluded from the Class, you will be bound by the Settlement and will not be able to pursue your own separate action.

- 2 -

**What You Should Do If You Previously Requested To Be Excluded From The Class, But Now Wish To Be A Member Of The Class**

To change your prior request to be excluded from the Class, you must fill out and sign the attached "Request for Revocation of Exclusion from the Class," which must be signed, dated, and sent to the Claims Administrator, at the address stated on the Revocation form. **October 26, 2005** is the deadline for you to mail your request to revoke your prior exclusion from the Class.

This Special Notice is meant to be read in conjunction with the Notice of Proposed Settlement of Class Action and Fairness Hearing and the Claim Information Form also enclosed with this Special Notice. These materials contain additional important information regarding the Settlement and related matters affecting Class Members' rights. If you have not received a complete copy of these materials, you may obtain them free of charge by contacting: *Abrams v. Van Kampen Class Notices*, c/o Complete Claim Solutions, Inc., P.O. Box _____, West Palm Beach, Florida 33416, (___) _____.

You may also contact Lead Counsel for Lead Plaintiffs directly: Marvin A. Miller, Esq., Miller Faucher and Cafferty LLP, 30 North LaSalle Street, Suite 3200, Chicago, Illinois

- 3 -

60602; Joel H. Bernstein, Esq., Goodkind Labaton Rudoff &

Sucharow LLP, 100 Park Avenue, New York, New York 10017-5563; and

Paul J. Geller, Esq., Lerach Coughlin Stoia Geller Rudman &

Robbins LLP, 197 South Federal Highway, Boca Raton, Florida

33432.

**EMPLOYEES OF THE COURT CANNOT ANSWER QUESTIONS ABOUT THIS CASE. PLEASE DIRECT ALL QUESTIONS TO THE CLAIMS ADMINISTRATOR OR LEAD COUNSEL.**

DATED: _____,          BY ORDER OF THE UNITED STATES
2005                                 DISTRICT COURT FOR THE NORTHERN
                                     DISTRICT OF ILLINOIS

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


IRENE ABRAMS, on behalf of       )
herself and all others           )
similarly situated,              )
                                 )
                Plaintiffs,      )
                                 )
        v.                       )    No. 01 C 7538
                                 )
VAN KAMPEN FUNDS, INC.,          )    Judge William T. Hart
VAN KAMPEN INVESTMENT ADVISORY   )
CORPORATION, VAN KAMPEN PRIME    )
RATE INCOME TRUST, RICHARD F.    )
POWERS, III, STEPHEN L. BOYD,    )
and DENNIS J. McDONNELL,         )
                                 )
                Defendants.      )


**REQUEST FOR REVOCATION OF EXCLUSION FROM THE CLASS**

Dated: _____, 2005

Abrams v. Van Kampen Funds, Inc. Class Reinstatements
c/o Complete Claim Solutions, Inc.
P.O. Box _____
West Palm Beach, Florida 33416

   Re:  *Abrams v. Van Kampen Funds, Inc.*

Dear Administrator:

   Although I earlier submitted a Request for Exclusion from the Class, I now wish to revoke that request for exclusion and be <u>included</u> in the Class.

   My contact information is as follows:

      Name:_____

      Address:_____

          _____

          _____

      Claimant ID:_____

      Telephone Number:_____

      Fax Number:_____

      E-mail address:_____

      _____
      (sign here)

**Note: To receive money from the settlement obtained by Lead Plaintiffs for the Class, you must also submit a Claim Information Form by October 26, 2005.**

**Note: If you are requesting inclusion on behalf of an entity, trust, or the like, you must state your position and provide the basis for your authority to act on behalf of that entity, trust, or the like.**

QUESTIONS? Call ( )_____ toll-free or visit www.completeclaimresolution.com