IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRENE ABRAMS, on behalf of  )
herself and all others      )
similarly situated,         )
                            )
            Plaintiffs,     )
                            )
      v.                    )    No. 01 C 7538
                            )
VAN KAMPEN FUNDS, INC.,     )
VAN KAMPEN INVESTMENT ADVISORY )
CORPORATION, VAN KAMPEN PRIME )
RATE INCOME TRUST, RICHARD F. )
POWERS, III, STEPHEN L. BOYD, and )
DENNIS J. McDONNELL,        )
                            )
            Defendants.     )

## MEMORANDUM OPINION AND ORDER

Plaintiffs move to authorize distribution of the net settlement fund and for other relief related to the final distribution of the settlement fund. The final distribution will be authorized. As to designation of what to do with any undistributed funds due to checks not being cashed or an inability to locate the class members, such funds shall be subject to further order of the court after a report of the amount of unclaimed funds.

Plaintiffs also request that the court approve an additional reimbursement to be paid to Complete Claims Solution

("CCS"), the claims administrator in this case. At the time the class settlement was approved, it was provided that CCS could be reimbursed up to $1,368,860.61 for its work. That amount was based on an estimate of work to be performed. The opinion approving the settlement provided that CCS could request an additional reimbursement in the event it exceeded this estimate. See Abrams v. Van Kampen Funds, Inc., 2006 WL 163023 *4 (N.D. Ill. Jan. 18, 2006) ("Abrams V"), reconsideration granted on other grounds, 2006 WL 452419 (N.D. Ill. Feb. 21, 2006). On CCS's behalf, plaintiffs (or more accurately, plaintiffs' counsel) request an additional reimbursement of $365,105.86. For the reasons that follow, no reimbursement above the originally approved amount will be permitted.

At the time CCS was approved as the claims administrator and its reimbursement estimate was approved, the court relied on representations made by class counsel. They represented that CCS was a reputable organization that they had worked with on other cases and that its participation in a number of class actions had been approved by other judges. No representation was made regarding the particular rates that would be charged for work done by CCS employees. It was expressly or implicitly represented that CCS's charges would be reasonable. Documentation of CCS's expenses was to be submitted to class counsel. See Abrams V, 2006 WL 163023 at *4. The impression was

that CCS would be providing primarily clerical work and that the rates charged would be commensurate with such work. The primary work performed by CCS has been to send notices to actual and potential class members and to process and calculate the claims submitted by class members. Even the processing of claims is not particularly complicated. It involves matching representations of a particular class member with the records available and then calculating the class member's potential loss based on particular days the class member held Van Kampen shares and the amount of shares held. While an initial evaluation by a person was required, the work also would have involved much data entry. Following data entry, a computer program calculated each claimant's loss and each claimant's percentage share of the settlement fund based on the claimant's calculated loss. Some computer programming would have been required to set specifications for this case. Presumably, though, a general program is used that does not require substantial modification. Also, most of any such programming was likely performed prior to the time period covered by the present submission.

The present submission lists names, hours, and hourly rates for 60 different employees. No description is provided of the work performed by any individual nor is the job title of any employee provided. The lists (two different time periods are covered) are alphabetical. They are not organized by the rate

charged nor are any subtotals provided for any category of work or rates. The court has performed the tedious tasks of adding up the number of hours charged at each rate. The totals are not commensurate with the expectation that the rates that would be charged would be primarily for clerical work. The lowest hourly rate is $45, representing 1124 hours. The court has totaled different ranges of rates, trying to keep the rates with the largest number of hours in each group toward the center of each group. The totals are as follows:

| Rate | Hours | Percentage |
|---|---|---|
| $45 | 1124.00 | 20.88% |
| $50-65 | 249.79 | 4.64 |
| $70-90 | 3032.30 | 56.33 |
| $95-100 | 773.07 | 14.36 |
| $105-150 | 19.90 | 0.37 |
| $175 | 124.50 | 2.31 |
| $210-240 | 60.00 | 1.11 |
| Total | 5383.56 | 100.00% |

Having $45 as the lowest rate charged, having nearly 75% of the hours charged at $70 or higher, and having substantial hours charged at $175 or higher is not consistent with providing primarily clerical work. In light of the high rates charged for these latest hours, it is questionable whether the original amount should have been approved. However, since the prior amount was already approved and CCS continued to provide services based on that expectation, the amount previously approved will not be reduced. In light of the high rates shown, though, no

additional reimbursement beyond that previously approved is proven to be justified.

At the next status hearing, class counsel shall report on the progress of the distribution of funds.

IT IS THEREFORE ORDERED that:

(1) Plaintiffs' motion [235] is granted in part and denied in part.

(2) The Net Settlement Fund shall be distributed forthwith to Authorized Claimants, including Late Claimants, consistent with the Plan of Allocation of the Net Settlement Fund.

(3) Otherwise eligible claims that were submitted after the October 26, 2005 postmark deadline and received by March 20, 2007, are hereby deemed timely and shall be included in the Settlement.

(4) Claims Administrator Complete Claims Solution is not awarded any additional amount of reimbursement above the $1,368,860.61 approved by the court in the Order dated January 18, 2006.

(5) Following the distribution of the Net Settlement Fund to Authorized Claimants (including late claimants and re-distribution), any residual, unclaimed balance of the Net Settlement Fund shall be reported to the court by written

submission to be filed by September 14, 2007 after which the disposition of the unclaimed funds will be decided by the court.

(6) A status hearing is set for September 19, 2007 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: APRIL 26, 2007